IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RAYMOND CORNELIUS,<br><br>Plaintiff,<br>v.<br><br>ORACLE AMERICA, INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING [5] DEFENDANT'S MOTION TO DISMISS<br><br>Case No. 2:24-cv-00850-CMR<br><br>Magistrate Judge Cecilia M. Romero |

All parties in this case have consented to the undersigned conducting all proceedings, including entry of final judgment (ECF 11). *See* 28 U.S.C. § 636(c); *see also* Fed. R. Civ. P. 73. Before the court is Defendant Oracle America, Inc.'s (Defendant) Motion to Dismiss (Motion) (ECF 5). The court also considered Plaintiff Raymond Cornelius' (Plaintiff) Response[1] to the Motion (ECF 13) and Defendant's Reply (ECF 18). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and decides this matter on the written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court GRANTS the Motion.

## I.    BACKGROUND

In September 2024, Plaintiff filed five complaints against Defendant in state court (ECF 1-2).[2] On October 7, 2024, the state district court consolidated the five cases, finding they were "inextricably intertwined in that the matters turn on the same set of related facts and implicate common questions of fact and law" (*id.* at 1535). Following the order consolidating the pending

---

[1] Separate from the Response, Plaintiff also submitted two exhibits (ECF 15 and 16), which the court has also considered.

[2] As the court will discuss at further length below, there appears to be some confusion as to the exact date that Plaintiff initiated his claims in state court although both parties apparently agree it was sometime in September 2024.

cases, Plaintiff filed an Amended Complaint in the consolidated case (ECF 1-1). On November 12, 2024, Defendant removed the matter to federal court (ECF 1).

The Amended Complaint, which is the operative pleading in this matter, asserts four claims against Defendant: (1) breach of contract for disruption to electronic devices and employee monitoring, (2) breach of contract for unpaid wages and overtime, (3) breach of contract for discrimination, fraud, harassment, and retaliation, and (4) wrongful termination (ECF 1-1 at 2–6).

The factual recitation in the Amended Complaint is sparse, asserting in the introduction that Plaintiff was hired by Defendant in July 2015 and was terminated on May 9, 2023 (*id.* at 2). Plaintiff maintains that on March 27, 2023, he filed "complaints" with Defendant's human resources department (HR), "for discrimination, harassment, retaliation, unpaid wages, and unpaid overtime" (*id.*).[3] Plaintiff asserts he was terminated by Defendant "due to alleged deficient performance" (*id.*).

Under his first cause of action, for breach of contract related to electronic devices and monitoring, Plaintiff alleges that "Defendant's management team and/or internal IT department unlawfully monitored and interfered with electronic devices provided by Defendant and in Plaintiff's possession" (*id.* at 3). Plaintiff further asserts that Defendant disrupted access to his accounts, intercepted email communications and files, and "prematurely" revoked access to his accounts (*id.*). According to Plaintiff, these actions were done "for no legitimate business purposes" and, instead, were to "discriminate, harass, and retaliate against [Plaintiff] due to reverse ageism, race, color, and national origin" (*id.*).

In his second cause of action, for breach of contract related to unpaid wages, Plaintiff asserts Defendant "breached its contract with him by not paying wages and overtime owed for

---

[3] The number of "complaints" that Plaintiff allegedly filed with HR and the content of these complaints is unknown.

work he completed between August 17, 2015, and May 10, 2023" (*id.* at 4). He further maintains Defendant "did not approve all overtime worked between August 17, 2015, and May 10, 2023, because of his complaints about discrimination, fraud, harassment, and retaliation due to reverse ageism, race, color, and national origin" (*id.*). Pursuant to this claim, Plaintiff asserts Defendant owes him $532,008.65 (*id.*). Plaintiff represents that he has attached to the Amended Complaint his demand letters related to unpaid pages as Exhibit A (*id.*). He further states that he "filed an unpaid wage and unpaid overtime complaint with the U.S. Department of Labor Wage and Hour Division and received a turndown notice," which notice Plaintiff states is attached to the Amended Complaint as Exhibit B (*id.*).

As noted above, Plaintiff's third cause of action is for breach of contract for discrimination, fraud, harassment, and retaliation (*id.* at 5). In relation to this claim, Plaintiff asserts Defendant "discriminated, harassed, and retaliated against him due to reverse ageism, race, color, sex, and national origin" (*id.*). He maintains he was "denied employee benefits, job responsibilities, promotions, raises, unpaid wages, and unpaid overtime due to discrimination, harassment, and retaliation" (*id.*). Plaintiff apparently notified Defendant of his "complaints of discrimination, harassment, and retaliation" on March 27, 2023, and he believes he was terminated because of the complaints he had made (*id.*). According to Plaintiff, he "filed a discrimination charge against Defendant with the Utah Anti-Discrimination & Labor Division and the U.S. Equal Employment Opportunity Commission (EEOC)" (*id.*). The EEOC sent Plaintiff a "Notice of Right to Sue," which he attached to the Amended Complaint as Exhibit C (*id.*).[4]

---

[4] In ruling on the Motion, the court takes judicial notice of the EEOC's right-to-sue notice, attached as Exhibit C to the Amended Complaint, because it is incorporated by reference and is central to the Amended Complaint. *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013) ("Generally, a court considers only the contents of the complaint when ruling on a 12(b)(6) motion," but exceptions to this rule include "documents incorporated by reference in the complaint" and "documents referred to in and central to the complaint." (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010))). While it is not necessary to consider all documents attached to the Amended Complaint to resolve the Motion, the court notes that consideration of those filings referenced herein does not necessitate

Finally, Plaintiff's fourth cause of action asserts he was wrongfully terminated (*id.*). Plaintiff again asserts that Defendant "discriminated, harassed, and retaliated against him due to reverse ageism, race, color, sex, and national origin" (*id.*). He references the complaints he made to HR on March 27, 2023, and alleges "that he was terminated from his position due to his complaints about discrimination, fraud, harassment, and retaliation" (*id.* at 6).

In the Amended Complaint, Plaintiff fails to reference or identify any statutory provisions under state or federal law that he believes apply to his claims. Thus, in the Motion, Defendant first identifies the relevant statutes that it believes Plaintiff is attempting to invoke with his Amended Complaint (ECF 5). According to Defendant, Plaintiff's second cause of action "appears to be claiming unpaid wages" pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.*, and Plaintiff's third and fourth claims appear to be invoking the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621, *et seq.*, and Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e, *et seq.* (ECF 5 at 2). In response to the Motion, Plaintiff agrees with Defendant that his claims are filed pursuant to the FLSA, Title VII, and the AEDA (ECF 13 at 2). Plaintiff then goes beyond those three statutes and, though not clear from the Amended Complaint, states in the response to the Motion that his claims are also asserted under the Utah Payment of Wages Act (UPWA), Utah Code Ann. §§ 34-28-1, *et seq.*, the Utah Antidiscrimination Act (UAA), Utah Code Ann. §§ 34A-5-101 *et seq.*, and the Electronic Communications Privacy Act (ECPA), 18 U.S.C. § 2510, *et seq.* (*id.*).

---

converting the Motion into a motion for summary judgment. *See Hodgson v. Farmington City*, 675 F. App'x 838, 840–41 (10th Cir. 2017) ("[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." (quoting *Tal v. Hogan*, 453 F.3d 1244, 1264–65 n.24 (10th Cir. 2006))).

## II.    LEGAL STANDARDS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In this review, a court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] the allegations in the light most favorable to the non-moving party." *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and further provides that "[e]ach allegation must be simple, concise, and direct," *id.* R. 8(d)(1). "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). What's more, when alleging fraud, a heightened pleading standard applies, and "a party must state with particularity the circumstances constituting [the] fraud or mistake." Fed. R. Civ. P. 9(b). Under this standard, a plaintiff is generally required "to identify the time, place, and content of each allegedly fraudulent representation or omission, to identify the particular defendant responsible for it, and to identify the consequence thereof." *Gaddy v. Corp.*

5

*of President of Church of Jesus Christ of Latter-Day Saints*, 551 F. Supp. 3d 1206, 1217 n.85 (D. Utah 2021) (quoting *Hafen v. Strebeck*, 338 F. Supp. 2d 1257, 1263 (D. Utah 2004)).

In undertaking this analysis, the court is mindful that Plaintiff is acting *pro se* and that his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, a *pro se* plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). The court "will [also] not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

## III.    DISCUSSION

Defendant asserts that Plaintiff's Amended Complaint fails to comply with the pleading requirements of Federal Rule of Civil Procedure 8(a) and seeks dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted (ECF 5 at 3–4). Specifically, Defendant argues Plaintiff failed to adequately plead a breach of contract claim, his claims for unpaid wages are untimely, and any claims asserted under Title VII or the ADEA are untimely (*id.* at 4–7). The court agrees with Defendant that Plaintiff's Amended Complaint fails to satisfy pleading requirements and dismissal is therefore appropriate.

To begin with, the court notes that Plaintiff references "fraud" in the Amended Complaint, but it is unclear how these references tie into any of his asserted claims. As stated above, allegations of fraud carry a heightened pleading standard, *see* Fed. R. Civ. P. 9(b), requiring plaintiffs "to identify the time, place, and content of each allegedly fraudulent representation or omission, to identify the particular defendant responsible for it, and to identify the consequence

thereof," *see Gaddy*, 551 F. Supp. 3d at 1217 n.85 (quoting *Hafen*, 338 F. Supp. 2d at 1263). Here, the Amended Complaint lacks any specificity with regard to such information. Thus, to the extent Plaintiff is asserting any claims for fraud, such claims are dismissed for failure to comply with pleading standards.

Next, the court addresses Plaintiff's state law claims for breach of contract.[5] "The elements of a prima facie case for breach of contract are (1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages." *Daz Mgmt., LLC v. Honnen Equip. Co.*, 508 P.3d 84, 91 n.26 (Utah 2022) (quoting *Richards v. Cook*, 314 P.3d 1040, 1043 (Utah Ct. App. 2013)). Defendant maintains that Plaintiff "failed to allege any facts demonstrating the first element of a breach of contract claim—the existence of a contract" (ECF 5 at 4). While Plaintiff generally alleges that Defendant "breached its contract with him," Defendant is correct that the Amended Complaint does not specifically allege that Plaintiff had a contract with Defendant (ECF 1-1). In response to this argument, Plaintiff asserts that Defendant "breached its employment contract" with him and, while he is "unable to produce his signed employment contract with Defendant" at this time, Plaintiff states it "can be produced by Defendant during discovery" (ECF 13 at 2). Plaintiff's argument on this point misses the mark, and discovery is not an appropriate remedy for his pleading deficiencies related to these claims.

The Utah Supreme Court has issued guidance to litigants on the pleading requirements for contract claims, stating that, "at a minimum, a breach of contract claim must include allegations of when the contract was entered into by the parties, the essential terms of the contract at issue,

---

[5] "A federal court exercising supplemental jurisdiction over state-law claims 'applies the substantive law, including choice of law rules, of the forum state.'" *Nunes v. Rushton*, 299 F. Supp. 3d 1216, 1224 (D. Utah 2018) (quoting *BancOklahoma Mortg. Corp. v. Capital Title Co.*, 194 F.3d 1089, 1103 (10th Cir. 1999)). Because the relevant events underlying Plaintiff's claims occurred in Utah, and the parties seemingly agree that Utah law applies to Plaintiff's state law claims, the court applies Utah's substantive law to Plaintiff's claims for breach of contract.

and the nature of the defendant's breach." *Am. W. Bank Members, L.C. v. State*, 342 P.3d 224, 231 (Utah 2014). The reason for these requirements is that "[t]hese minimal allegations will 'give the defendant fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved.'" *Id.* (quoting *Canfield v. Layton City*, 122 P.3d 622, 625 (Utah 2005)). In this matter, the Amended Complaint fails to allege when the contract was entered, the essential terms of the contract at issue, and the nature of Defendant's alleged breach. Thus, even if there was a valid employment contract between the parties as Plaintiff asserts, his first, second, and third causes of action still fail to meet the pleading requirements for a breach of contract claim under Utah law.

Moreover, Plaintiff's attempt to remedy his pleading deficiencies through a more detailed summary of the factual allegations in his response to the Motion is unavailing. It is a "well-established" principle "that in determining whether to grant a motion to dismiss, the district court . . . [is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint." *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995). Thus, "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Reed v. Ne. New Mexico Corr. Facility Offs.*, No. 23-cv-0322-JCH-KBM, 2024 WL 1299562, at *3 (D.N.M. Mar. 27, 2024) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)). Consequently, the claims and additional facts that Plaintiff asserts in his response to the Motion have not been properly pled, and the court does not consider them.

Beyond those initial pleading deficiencies, Defendant also asserts that Plaintiff's claims for unpaid wages under the FLSA "are subject to a two-year statute of limitations for non-willful violations and a three-year statute of limitations for willful violations" (ECF 5 at 5 (citing 29 U.S.C. § 255)). Because Plaintiff alleges that Defendant failed to pay him appropriate wages and

overtime amounts "for work he completed between August 17, 2015, and May 10, 2023" (ECF 1-1 at 4), Defendant asserts that those payments would fall outside of the relevant limitations period (ECF 5 at 5). Indeed, this court has previously held "that a claim for an alleged violation of the FLSA occurring more than three years before the filing of the complaint is untimely on its face." *See Scholzen v. Scholzen Prods. Co.*, No. 4:20-cv-00019-DN-PK, 2020 WL 7630801, at *5 (D. Utah Dec. 22, 2020). What's more, a claim under the FLSA "'accrues' when the employer fails to pay the required compensation for any workweek at the regular pay day for the period in which the workweek ends." *Id.* (quoting 29 C.F.R. § 790.21(b)). Thus, "[e]ach failure to pay overtime begins a new statute of limitations period as to that particular event." *Id.* (quoting *Knight v. Columbus, Ga.*, 19 F.3d 579, 582 (11th Cir. 1994)). Accordingly, the court agrees with Defendant that at least some of the unpaid wages sought through Plaintiff's claim under the FLSA are precluded by the relevant statute of limitations.[6]

Next, the court addresses Defendant's assertion that Plaintiff's claims under Title VII and the ADEA are untimely. "Under both Title VII and the ADEA, a plaintiff must file a complaint within 90 days of having received a right-to-sue letter[.]" *Malik v. 7/Eleven Store No. 27875*, 74 F. App'x 887, 889 (10th Cir. 2003). The ninety-day filing deadline "operates like a statute of limitations and is subject to estoppel, waiver and equitable tolling." *Calvert v. Roadway Exp. Inc.*, 32 F. App'x 510, 512 (10th Cir. 2002). "Generally, when the EEOC mails a right-to-sue letter, 'federal courts have presumed various receipt dates ranging from three to seven days after the letter was mailed.'" *Brown v. Spring Creek Healthcare*, 2023 WL 8455416, at *2 (D. Utah Dec. 6, 2023)

---

[6] Related to this claim, the court also notes that Plaintiff alleges that Defendant declined to approve the overtime worked "between August 17, 2015, and May 10, 2023, because of his complaints" about discrimination, etc. (ECF 1-1 at 4). However, the only "complaints" referenced in the Amended Complaint are those that Plaintiff states he made to HR on March 27, 2023 (*id.* at 2). It is thus unclear how Defendant's alleged failures to approve overtime for work dating back to August 17, 2015 could be connected to or in retaliation for complaints that Plaintiff made over seven years later in March 2023.

(quoting *Panicker v. Compass Grp. U.S.A. Inc.*, 712 F. App'x 784, 786 (10th Cir. 2017); *see also Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir. 2001) (noting that when the receipt date for an EEOC right-to-sue letter is unknown, federal courts have presumed various receipt dates, and while the Tenth Circuit "has never explicitly addressed the issue of mailing time presumptions, [the court has] implicitly sanctioned applying either a five-day or a three-day presumption").

In the Amended Complaint, Plaintiff maintains that he received a right-to-sue notice from the EEOC (ECF 1-1 at 5), but he fails to indicate the date that he received this notice. Because Plaintiff failed to include in his pleadings "the date he received the right-sue-notice," Defendant correctly argues that the court may presume "that he received it within three or five days after it was mailed by the EEOC" (ECF 5 at 6). *See Lozano*, 258 F.3d at 1165. While Plaintiff failed to state in the Amended Complaint when he received the EEOC's right-to-sue notice, he attached it as an exhibit to his pleading—which the court took judicial notice of, *see supra* note 4—and the exhibit shows that the notice is dated June 13, 2024 (*id.* at 24). In applying the five-day presumption to June 13, 2024, Defendant argues Plaintiff was required to file a complaint by September 16, 2024, for his Title VII and ADEA claims to be timely, yet "Plaintiff did not file his Original Complaints until September 25, 2024" (ECF 5 at 6).

In response to Defendant's argument that his Title VII and ADEA claims are untimely, Plaintiff admits that he received the right-to-sue notice on June 13, 2024, and states that his deadline to file an appeal was thus September 11, 2024 (ECF 13 at 4). Plaintiff then asserts that he began attempting to file his claims on September 12, 2024, but those claims were filed in "the wrong court," and it was not until September 17, 2024, that he "submitted his documents in the correct court" (*id.* at 4–5). Curiously, the dates provided by the parties as to when the state court proceedings were initiated are inconsistent, as Defendant asserts that they were filed on September

25, 2024, and Plaintiff maintains they were filed on September 17, 2024. Regardless of which date applies, Plaintiff has admitted that he did not even attempt to file his claims until after the ninety-day deadline had expired. Courts have found that even a one-day delay renders such a complaint untimely. *See e.g.*, *Bunting v. Wal-Mart*, No. 07-cv-01610-WDM-KMT, 2008 WL 4222922, at *2–3 (D. Colo. Sept. 10, 2008) (finding that the plaintiff filed her claim "one day past the ninety-day period" but "there was no evidence indicating waiver or estoppel should apply," and therefore dismissing the suit as untimely). Plaintiff admitted he did not file his complaint until after the ninety-day deadline, and he has failed to allege facts from which the court could conclude that estoppel, waiver, or equitable tolling applies to this case.

The date that Plaintiff received the right-to-sue notice, the timing of when he filed his complaint in state court, and facts supporting the tolling of the ninety-day deadline are all relevant to Plaintiff's Title VII and ADEA claims. However, none of this information is contained within the Amended Complaint. As noted above, in ruling on a motion to dismiss, the court looks to "the four corners of the complaint," *Jojola*, 55 F.3d at 494, and the complaint may not be amended by Plaintiff's opposition to the Motion, *see Reed*, 2024 WL 1299562, at *3. Because Plaintiff has failed to include information vital to these claims, they are dismissed, and in any amended pleading filed by Plaintiff, he should take care to include such information so that the court may assess whether his claims are timely.

The court also finds it appropriate to address the sufficiency of Plaintiff's claims that he was discriminated against in violation of Title VII and the ADEA. To establish a prima facie case of discrimination under Title VII, Plaintiff must demonstrate that "(1) he belongs to a protected class; (2) he was qualified for his job; (3) despite his qualifications, he was discharged; and (4) the job was not eliminated after his discharge." *Rivera v. City & Cnty. of Denver*, 365 F.3d 912, 920

(10th Cir. 2004) (quoting *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1229 (10th Cir. 2000)). A prima facie case of age discrimination under the ADEA carries a similar requirement, and Plaintiff is required to show that "(1) he is within the protected age group; (2) he was doing satisfactory work; (3) he was discharged; and (4) his position was filled by a younger person." *Id.* (quoting *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998)).

In the Amended Complaint, Plaintiff repeatedly asserts that he was harassed and discriminated against based on his age, race, sex, and national origin (ECF 1-1). Plaintiff however fails to allege he belongs to a protected class or that he is within a protected age group. Accordingly, Plaintiff has failed to establish a prima facie case of discrimination under the ADEA and Title VII. Consequently, because Plaintiff's fourth cause of action for wrongful termination hinges on his allegations against Defendant under the ADEA and Title VII, this claim is dismissed.

Plaintiff resists this conclusion and, in his response to the Motion, directly addresses his allegation that he was discriminated against based on his age, asserting that he is "younger than forty (40) years of age and he was younger than forty (40) years of age at the time the discrimination occurred" (ECF 13 at 6). Because he was younger than forty years of age at all relevant times, Plaintiff believes he can assert a claim of "'reverse' age discrimination" against Defendant (*id.*). Similar to the claims discussed above, this information was not provided in the Amended Complaint, and Plaintiff cannot amend his pleading through his response to the Motion. *See Reed*, 2024 WL 1299562, at *3. Furthermore, even if Plaintiff had included this information related to his age in the Amended Complaint, the United States Supreme Court has rejected Plaintiff's argument that he can maintain a reverse age discrimination claim under the ADEA, stating that "the text, structure, purpose, and history of the ADEA, along with its relationship to other federal statutes," demonstrates that the ADEA "does not mean to stop an employer from

favoring an older employee over a younger one." *Gen. Dynamics Land Sys., Inc. v. Cline*, 540 U.S. 581, 600 (2004); *see also Franke v. ARUP Lab'ys*, No. 2:07CV73DAK, 2009 WL 4061412, at *12 n.12 (D. Utah Nov. 20, 2009) ("The ADEA, however, was enacted to protect those who are 'too old,' not 'too young.'"). Plaintiff's "reverse" age discrimination claims accordingly fail.

Finally, the court notes that in Plaintiff's response to the Motion he asserts, for the first time, that he is alleging claims under the Utah Payment of Wages Act (UPWA), Utah Code Ann. §§ 34-28-1, *et seq.*, the Utah Antidiscrimination Act (UAA), Utah Code Ann. §§ 34A-5-101 *et seq.*, and the Electronic Communications Privacy Act (ECPA), 18 U.S.C. § 2510, *et seq.* (ECF 13 at 2). Defendant points out in its reply that the Amended Complaint fails to allege the elements of an ECPA claim and Plaintiff has failed to specify the types of claims he is asserting under the relevant Utah statutes (ECF 18 at 5–7). The court agrees with Defendant on this point, as it is far from clear in the Amended Complaint that Plaintiff is intending to invoke any of these statutes through his allegations. Thus, to the extent Plaintiff is asserting claims under the UPWA, the UAA, or the ECPA, these claims are insufficiently pled and are dismissed.[7]

For these reasons, Plaintiff's claims against Defendant, as currently pled, are insufficient and are dismissed. Because the court recognizes that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend," *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001)), Plaintiff is hereby provided an opportunity to file an amended complaint to cure his pleading deficiencies.

---

[7] Furthermore, "[t]his Court has previously held that there is no private right of action under the UPWA." *Sell v. Hertz Corp.*, 746 F. Supp. 2d 1206, 1212 (D. Utah 2010) (citing *Sweat v. Batelle Mem'l Inst.*, No. 2:07–cv–401 TS, 2008 WL 4526021, at *3 (D.Utah Oct. 1, 2008)). Therefore, even if Plaintiff had alleged a claim for the payment of wages under the UPWA, such claim would be dismissed.

## IV.    ORDER

For the reasons stated above, the court GRANTS Defendant's Motion to Dismiss (ECF 5) and hereby DISMISSES the Amended Complaint without prejudice. Plaintiff shall have twenty-one (21) days from entry of this order to file an amended complaint that is consistent with the court's ruling contained herein.

IT IS SO ORDERED.

DATED this 30 July 2025.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah